UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAMAN AMR PARISH**, | **2:23-CV-12902-TGB-PTM** |
| Petitioner, | **OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING MOTION FOR CAUSE AND ENTITLEMENT TO EQUITABLE TOLLING, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) GRANTING PETITIONER PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL** |
| v. | |
| **JEFFERY TANNER**, | |
| Respondent. | |

Jaman Amr Parish ("Parish"), a Michigan prisoner without a lawyer, brought this habeas petition under 28 U.S.C. § 2254 on November 15, 2023. ECF No. 1. On July 2, 2024, the Court ordered Parish to show cause why his habeas petition should not be dismissed as untimely under the statute of limitations contained in 28 U.S.C. § 2244(d)(1). ECF No. 5. On August 19, 2024, Parish filed a motion for cause and entitlement to equitable tolling. ECF No. 6. For the reasons stated below, Parish's motion for cause and entitlement to equitable tolling (ECF No. 6) will be **DENIED** and Parish's petition for a writ of habeas corpus (ECF No. 1) will be summarily **DISMISSED WITH PREJUDICE**.

## I.    LEGAL STANDARD

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 *et seq*. ("AEDPA"). 28 U.S.C. § 2254. The AEDPA became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006) (noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"). A habeas petition filed outside the time period allowed under the statute is time-barred and must be dismissed, unless the petitioner is entitled to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (holding a habeas petition time-barred unless petitioner was entitled to equitable tolling because the petition was not deemed filed until five days after AEDPA's limitations period had presumptively expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. Feb. 28, 2002) (Duggan, J.) ("A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations.").

A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by

federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to equitable tolling of the limitations period. *Id*.

## II.   BACKGROUND

Parish was convicted of first-degree felony murder, MCL § 750.316(1)(b); armed robbery, MCL § 750.529; first-degree home invasion, MCL § 750.110a(2); unlawful imprisonment, MCL § 750.349b; and possession of a firearm during the commission of a felony (i.e., "felony firearm"), MCL § 750.227b, following a jury trial in the 17th Circuit Court in Kent County, Michigan. *See People v. Parish*, No. 328316, 2016 WL 6106194, at *1 (Mich. Ct. App. Oct. 18, 2016).

Parish was convicted by jury on May 18, 2015. ECF No. 1. The trial court sentenced Parish on June 23, 2015. *Id*. Parish was sentenced to life imprisonment without parole for the first-degree felony murder conviction, life imprisonment without parole for the armed robbery conviction, 25-to-75 years' imprisonment for the first-degree home invasion conviction, and 10-to-50 years' imprisonment for the unlawful imprisonment conviction, all to run consecutively to a sentence of 2 years' imprisonment for the felony-firearm conviction. *Id*.

Following his convictions and sentencing, Parish filed an appeal as of right with the Michigan Court of Appeals challenging the prosecution's evidence presented at trial to support his first-degree felony murder conviction. On October 18, 2016, the appellate court denied relief on this

4

claim and affirmed his convictions. *Parish*, 2016 WL 6106194, at *2. Parish alleges that he then filed an application for leave to appeal in the Michigan Supreme Court and that the court denied his application. ECF No. 1, PageID.3. However, Parish provides no date for the Michigan Supreme Court order or the applicable case citation, and after conducting its own record search—a first time on March 4, 2024, and a second time on February 25, 2025—the Court finds no record in the Supreme Court's docket showing that such order exists.

Instead, the record shows that some time in 2022, Parish filed a motion for relief from judgment under Michigan Court Rule 6.500 in the trial court. ECF No. 1, PageID.54–58.[1] Petitioner raised claims concerning the jury verdict form, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. *Id*. On October 2, 2022, the trial court denied the motion on the basis that his claims were procedurally barred under Michigan Court Rule 6.508(D)(3). *Id*. at PageID.49. Petitioner then filed an application for leave to appeal the trial court's decision, which the Michigan Court of Appeals denied on March 14, 2023. Petitioner filed an application for leave in Michigan Supreme Court, which was denied on August 22, 2023. *See People v. Parish*, 512 Mich. 910, 993 N.W.2d 849, 850 (2023).

---

[1] Although the exact date which Parish filed the motion is unclear, Petitioner dated his Brief in Support of the Motion for Relief from Judgment as "Date: _____, 2022." *Id*. at PageID.58.

On November 5, 2023, Parish initiated the present habeas action. ECF No. 1. The Court understands the petition raises the following claims:

I.    The circuit court abused its discretion and erred in denying relief where the petitioner put forth an argument of ineffective assistance of appellate counsel as good cause to meet the requirement of MCR 6.508(D)(3) where appellate counsel failed to raise the defective verdict form issue on appeal of right.

II.   The circuit court abused its discretion and erred in denying relief where the petitioner put forth an argument of ineffective assistance of trial counsel where counsel failed to object to the defective verdict form and the trial court failed to make findings of fact and conclusions of law.

III.  The circuit court abused its discretion and erred in denying relief where the petitioner was deprived of a fair and just verdict where the verdict form didn't allow for a "not guilty" verdict to the highest charge Mr. Parish suffered actual prejudice to his Sixth Amendment right.

ECF No. 1, PageID.8.

### III.  DISCUSSION

### A. The Petition is Time-Barred

In his latest motion, Parish concedes that his petition is untimely. ECF No. 6, PageID.79 ("Petitioner concedes that he has missed the statutory one-year time limit in which to file his § 2254 petition for writ of habeas corpus."). The Court's record search reveals that Parish did not file an application for leave to appeal in the Michigan Supreme Court.

Thus, his conviction became final 56 days after the decision of the Michigan Court of Appeals, or on December 13, 2016. *See* Mich. Ct. R. 7.302(C)(3) (2016); *see also* 28 U.S.C. § 2244(d)(1)(A) (a conviction becomes final when the time to seek direct review expires). As a result, the one-year limitations period to file this petition expired on December 13, 2017. *See* 28 U.S.C. § 2244(d). But Parish's habeas petition was filed on November 15, 2023, almost six years after the limitations period expired.

Therefore, the petition is untimely. While Petitioner concedes that his petition is untimely, he argues that he is entitled to statutory and equitable tolling.

### B. Statutory Tolling Does Not Apply

Petitioner argues that two of his claims rely on either a new rule of constitutional law or new facts that had previously been undiscovered. ECF No. 6, PageID.83.

#### 1. Newly Recognized Constitutional Right

Parish asserts that two of his claims rely on a new rule of constitutional law. Section 2244(d)(1)(C) indicates that the one-year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court can determine whether a newly recognized right has been made retroactively

applicable to cases on collateral review. *Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir. 2004).

Here, however, Parish does not identify which of his claims are based on a new rule of constitutional law, and a review of his petition shows that none of the claims for relief are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to habeas cases. Thus, Parish is not entitled to use 28 U.S.C. § 2244(d)(1)(C) to delay the commencement of the limitations period.

### 2. *Newly Discovered Facts*

Parish also asserts that two of his claims are based on newly discovered facts. Pursuant to 28 U.S.C. § 2244(d)(1)(D), AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim "could have been discovered through the exercise of due diligence" by the habeas petitioner. Importantly, time starts to run when the factual predicate for a habeas petitioner's claim *could have been discovered*, not when it was "actually discovered" or when the petitioner "recognize[d] the legal significance of the facts." *Redmond v. Jackson*, 295 F. Supp 2d 767, 771–72 (E.D. Mich. Dec. 9, 2003) (Gadola, J.) (noting that "the running of the limitations period does not await the collection of evidence which supports the facts"). Furthermore, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual

predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)).

Here, Parish does not identify which of his claims are based on newly discovered facts, which facts have been newly discovered, when such facts could have been discovered, or why these facts could not have been discovered sooner with due diligence. Thus, Petitioner does not meet his burden of establishing that any of his claims are based on newly discovered evidence which would delay the commencement of the one-year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. Jan. 3, 2002) (Roberts, J.) (rejecting petitioner's contention that the factual predicate for his claims could not have been discovered sooner because his argument was "unsupported and conclusory").

## B. Petitioner is Not Entitled to Equitable Tolling

Parish further argues that equitable tolling principles apply to toll the limitations period.

### 1. Mental Illness

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of AEDPA's statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). But a habeas petitioner must allege more than the "mere existence of physical or mental ailments." *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. Nov. 20, 2002) (Rosen, J.). Rather, a habeas petitioner must show "that (1) he is

mentally *incompetent* and (2) his mental incompetence *caused* his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d at 742 (noting that "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations" and that "a causal link between the mental condition and untimely filing is required"); *see also Robertson v. Simpson*, 624 F.3d at 785 ("[T]he petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition.").

Here, Parish argues that he is entitled to equitable tolling because he suffers from paranoid schizophrenia with a psychotic disorder, which requires strong medication. ECF No. 6, PageID.82. He asserts that his mental illness prevented him from understanding court practices and procedures, including the statute of limitations applicable to habeas cases. *Id*. Parish states that he was able to initiate his post-conviction proceedings only after enlisting assistance from the Michigan Department of Corrections Legal Writer Program. *Id*.

But his argument fails for multiple reasons. First, "[m]ental illness is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017). Second, Parish presents no evidence of his mental health status *during the limitations period* that would suggest he was unable to timely file his petition. To the extent he argues that his mental illness affected his ability to understand court procedures, as evidenced by his need for legal assistance to prepare his habeas petition,

he presents no argument as to why he could not seek assistance earlier. To the contrary, evidence shows he was able to pursue a collateral challenge to his convictions in the state courts despite suffering from his alleged mental impairment. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008) (finding speculative petitioner's claim that the dissociative identity disorder she had suffered from since childhood impacted her ability to timely file a habeas petition without any additional facts).

### 2. Actual Innocence

Lastly, Parish argues that he is entitled to equitable tolling because he is actually innocent of the crimes charged.

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence . . . pleas are rare." *Id*. A petitioner must show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A petitioner claiming actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (noting that "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely

successful"); *Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005) (noting that a petitioner must prove that new reliable evidence establishes his innocence by a more-likely-than-not standard).

Here, Parish presented no new, reliable evidence to establish that he was actually innocent. He is therefore not entitled to equitable tolling on this basis. *See Ross v. Berghuis*, 417 F.3d at 556 (finding that petitioner was not entitled to equitable tolling based on actual evidence because he did not provide new exculpatory evidence).

### IV. CONCLUSION

For all the foregoing reasons, Parish's motion for cause and equitable tolling (ECF No. 6) is **DENIED**. Because Parish did not file his habeas petition within the one-year statute of limitations applicable to federal habeas actions, his Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

The Court further **DENIES** Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period. *See Grayson*, 185 F. Supp. 2d at 752 (denying certificate of appealability after dismissing habeas petition based on untimeliness). However, although reasonable jurists would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *See Foster v.*

*Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. May 22, 2002) (Rosen, J.) (noting that the standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires that the issues be arguable on the merits).

**SO ORDERED**.

Dated: March 10, 2025                 BY THE COURT:

                                      /s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE